UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Counter-Defendant,

vs.                                                        Case No. 11-14944

SHARON MUSE,                                    HON. AVERN COHN

    Defendant/Counter-Plaintiff.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT(Doc. 13)**[1]

### I. Introduction

This is a student loan case. Plaintiff/Counter-Defendant, the United States of America (the "government") sued Defendant/Counter-Plaintiff Sharon Muse ("Muse"), who is proceeding pro se. The government alleges that Muse defaulted on a federally guaranteed student loan. The government seeks judgment for the principal sum of the defaulted loan ($10,808.31) plus accrued interest. Muse has filed a counterclaim against the "U.S. Department of Education, San Francisco, California" and/or the "Treasury Department" for "illegal debt collection," seeking judgment in the amount of $6,973.04, as well as an order preventing the garnishment of her income tax refunds.

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Before the Court is the government's motion for summary judgment. The government asks the Court to enter judgment in its favor, and to dismiss Muse's counterclaim with prejudice. For the reasons that follow, the motion will be granted.

## II. Background[2]

Between 1982 and 1985, Muse attended Eastern Michigan University. During that time, four promissory notes were executed, each bearing the signature of "Sharon Muse" or "Sharon D. Muse." These notes evidenced federally-guaranteed student loans totaling $7,500. On March 3, 1987, the lender declared the notes to be in default, and the guarantor paid on the claim. After collection efforts on the debt proved futile, the guarantor assigned its interest in the loan to the U.S. Department of Education, and the government initiated the present suit.

In her submissions to the Court, Muse denies ever signing the notes. She denies ever receiving any money from the loans. In support of her claims, Muse has submitted two documents: a "Loan Discharge Application" from December 3, 2001, and a "Request for Review" from August 29, 2008. On these documents Muse claims that Eastern Michigan University signed her name to the student loan notes without her knowledge. Muse states that she has "always" disputed the validity of the loans.

In response, the government notes that Muse initially stated that she got kicked out of school and did not think she would have to repay the loans. Only on May 29, 1997 did Muse begin to claim that her signature had been forged on the notes. The government also points out that, despite multiple requests, Muse has refused to provide the government

---

[2] These facts have been gleaned from the parties' papers.

with handwriting samples to verify her fraud claims. Finally, the government says that the signatures of "Sharon Muse" and "Sharon D. Muse" on the promissory notes are an exact match to Muse's signatures on her submissions to this Court.

### III. Standard of Review

Summary judgment should be granted for the moving party where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the moving party bears the initial burden of "showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 451 (6th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). This burden does not require the moving party to produce affirmative evidence showing a lack of a genuine dispute of material fact; instead, the moving party can discharge its burden by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. Once the moving party has met its burden of demonstrating a lack of any genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing a triable issue." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. See Sagan v. United States, 342 F.3d 493, 497 (6th Cir. 2003). However, metaphysical doubt about a material fact or "the mere existence of a

scintilla of evidence" in support of the non-moving party is not enough." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Instead, the non-moving party must present sufficient probative evidence such that "a reasonable jury could return a verdict for the non-moving party." Hedrick, 255 F.3d at 451 (citing Anderson, 477 U.S. at 248).

### IV. Discussion

The government says that it is entitled to summary judgment because Muse has not established any genuine issue of material fact as to whether she signed the notes. To recover on a promissory note the government must first make a prima facie showing that "(1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009) (citing United States v. Lawrence, 276 U.S. 193, 197 (5th Cir. 2001)). Once the government establishes this prima facie case, "defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." Id. Here, Muse does not dispute that the government is the present holder of the notes, nor that the notes are in default. Therefore, the only disputed element of the government's claim is whether Muse signed the notes.

Muse's only evidence that she did not sign the notes is her own unsupported, uncorroborated denial. However, this is not sufficient to create a genuine issue of material fact. See Petroff-Kline, 557 F.3d at 291. In Petroff-Kline, the defendant in a student loan default case argued that she did not execute the notes, and that "she d[id] not recognize the notes containing [her] signature." Id. However, she did not submit any supporting evidence for her claim beyond her own "amorphous disclaimer." Id. As a result, the Sixth Circuit held that the defendant had failed to create a genuine issue of material fact as to

4

whether she had signed the promissory notes, and affirmed the district court's grant of summary judgment. Id. at 297.

Like the defendant in Petroff-Kline, Muse has failed to introduce any evidence supporting her claim that she did not sign the promissory notes, and her unsworn assertions in her briefs cannot defeat a motion for summary judgment. See Brookins v. Chrysler Corp., 381 F. Supp. 563, 566 (E.D. Mich. 1974); see also Taylor v. Small, 350 F.3d 1286, 1294-95 (D.C. Cir. 2003); Nieves v. Univ. of P.R., 7 F.3d 270, 275-76 (1st Cir. 1993). Moreover, the evidence in the record shows that Muse began denying signing the notes only in response to the initiation of collection efforts, and that her signature on her pleadings to this Court clearly matches the signatures of "Sharon Muse" and "Sharon D. Muse" on the promissory notes. The record, taken as a whole, presents no evidence on which "a reasonable jury could return a verdict" for Muse. Hedrick, 355 F.3d at 451. Thus, Muse has failed to demonstrate a genuine issue of material fact with regard to whether she signed the notes, and the government is entitled to summary judgment on its student loan claim.

Finally, the government is also entitled to summary judgment on Muse's counter-claim for "illegal debt collection." Muse's submissions to the Court do not identify with any specificity what was "illegal" about the government's debt collection efforts. In addition, Muse has not submitted any evidence in support of her counterclaim. As a result, the government is entitled to summary judgment on Muse's "illegal debt collection" counter-claim. See Matsushita, 475 U.S. at 587; Fed. R. Civ. P. 56(e) ("A party asserting that a fact . . . is genuinely disputed must support the assertion.").

## V. Conclusion

For the reasons stated above, the government's motion for summary judgment is GRANTED.  Muse's counter-claim is DISMISSED.  A judgement shall be entered in favor of the United States.  The United States shall submit a proposed judgment.

SO ORDERED.

      S/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  October 15, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 15, 2012, by electronic and/or ordinary mail.

      S/Julie Owens  
      Case Manager, (313) 234-5160